[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a Department of Income Maintenance decision denying the plaintiff's application for Medicaid Assistance on the grounds that her assets exceeded the maximum level allowed by statute.
On November 14, 1986 the plaintiff, Estate of Concetta Lucca by Salvatore Lucca, Executor, filed an application for Title XIX medical benefits. The Department of Income Maintenance mailed its decision on October 29, 1987 denying the plaintiff's application. On April 4, 1988 a Fair Hearing was held before a hearing officer of the Department of Income Maintenance and on June 7, 1988 the hearing officer issued a decision upholding the department's denial. Concetta Lucca died on April 7, 1988. The plaintiff filed an appeal on March 22, 1989. By a stipulation dated December 20, 1988 (R-R p. 9) the matter was remanded on the condition that the hearing officer receive and review written instructions concerning standards to be applied to the evidence for determination of the distinction between record and legal title.
On March 2, 1989 the hearing officer mailed her decision again upholding the denial of plaintiff's application. On March 22, 1989, the plaintiff filed this appeal.
The plaintiff takes this appeal pursuant to Conn. Gen. Stats. 4-183 (effective July 1, 1987). Section 4-183
requires that the appellant file the appeal with the clerk of the court within 30 days of the mailing of the agency's decision. The plaintiff filed its appeal with the court on March 22, 1989, twenty days after the hearing officer mailed her decision. Therefore, the appeal is timely.
Appellate review of an agency's decision is of limited scope. Kaeser v. Conservation Commission, 20 Conn. App. 309,311 (1989). The court is limited to reviewing the evidence and reasoning in the record. Id. The court must determine if there is sufficient evidence to support the agency's decision Feinson v. Conservation Commission, 180 Conn. 421, 425 (1980). If any one of the reasons given by the agency is supported by the evidence in the record, the agency's decision must be sustained. Huck, 203 Conn. at 539-40. In order to support any of the reasons provided in the record, the evidence must CT Page 1331 also be substantial. Id. at 540. The possibility that two inconsistent conclusions may be drawn from the evidence does not prevent any agency's decision from being supported by substantial evidence. Id. at 541. The credibility of witnesses and determination of issues of fact are matters within the province of the agency. Feinson, 180 Conn. 425.
The record indicates that the hearing officer made findings that the plaintiff owned a one-half interest in a summer cottage in Old Lyme deemed to have a value of $30,000. Accordingly, the hearing officer determined that the plaintiff had assets exceeding the maximum level of $1,600 allowed under state law to qualify for Title XIX benefits (R-R p. 3) and again upheld the denial of plaintiff's application.
The plaintiff argues in its memorandum of law in support of the appeal that the hearing officer initially decided that the plaintiff was the legal as well as record owner based only on the evidence of the deed. The plaintiff argues that in the amended decision the hearing officer disregarded testimony that the plaintiff gave or intended to give the property to her family, that the plaintiff's son made or paid for repairs and improvements to the property and that the plaintiff had been to the property less than three times since 1980. The plaintiff further argues that the hearing officer should not have considered as relevant plaintiff's attorney's testimony that the plaintiff never told him that she intended to give the property to her children. The plaintiff maintains that the hearing officer's amended decision is "a careful listing of evidence in the record, a total disregard for the evidence and an attempt by the hearing officer to boot strap her original decision. . . ." (Plaintiff's memorandum at 6).
The defendant argues in its memorandum that the hearing officer did give proper consideration of the evidence and did not act arbitrarily in upholding DIM's denial of benefits.
Conn. Gen. Stats. 17-134a states:
 Acceptance of federal grants for medical assistance. The commissioner of income maintenance is authorized to take advantage of the medical assistance programs provided in Title XIX, entitled "Grants to States for Medical Assistance Programs," contained in the Social Security Amendments of 1965 and may administer the same in accordance with the requirements provided therein, including the waiving, with respect to the amount paid for medical care, or provisions concerning recovery CT Page 1332 from beneficiaries or their estates, charges and recoveries against legally liable relatives, and liens against property of beneficiaries.
The State of Connecticut Income Maintenance Uniform Policy Manual section 4010.5 states:
A. General Principles
 1. If the assistance unit is the record owner of an asset, the unit is considered the legal owner unless it establishes otherwise, with clear and convincing evidence.
 2. If it is established to the Department's satisfaction that the legal owner and the record owner of an asset are two different persons, the Department considers the asset the property of the legal owner.
B. Effect of Ownership Dispute Upon Eligibility
 The assistance unit, as record owner of an asset, must transfer title to the legal owner as a condition of eligibility if:
 1. the record owner has established to the Department's satisfaction that he or she is not the legal owner; and
 2. the legal owner is not a member of the assistance unit; and
3. the asset is a counted asset; and
 4. ownership of the asset would cause the assistance unit's equity in counted assets to exceed the asset limit.
The record reveals that the hearing officer's memorandum of decision contains a detailed presentation of the testimonial and documented evidence she considered in reaching the conclusion that the plaintiff failed to establish by clear and convincing evidence that the plaintiff was not the legal owner. (R-R p. 2-6). The determinations of issues of fact are within the province of the agency, see Feinson at 475, and there is sufficient evidence in the record to support the hearing officer's decision.
The appeal is dismissed. CT Page 1333
O'CONNOR, J.